IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE BANK & TRUST CO., d/b/a PATRIOT CAPITAL<br><br>*Plaintiff,*<br><br>v.<br><br>PHILLY WHOLESALE, LLC<br>SAURABH KAMRA<br>MALWA INVESTORS GROUP, INC.<br>HARPINDER SINGH<br><br>*Defendants.* | CIVIL ACTION<br>No. 16-05508 |

**PAPPERT, J.** September 22, 2017

**<u>MEMORANDUM</u>**

    State Bank & Trust Company d/b/a Patriot Capital entered into two equipment financing agreements—one with Philly Wholesale, LLC, which was personally guaranteed by Saurabh Kamra, and another with Malwa Investors Group, Inc., which was personally guaranteed by Harpinder Singh. Defendants initially failed to appear or otherwise defend the suit, and default was entered against them. Patriot thereafter moved for the entry of default judgment. Defendants subsequently retained counsel who filed a motion to open default as to Malwa and Singh only and informed the Court that he would not oppose the entry of default judgment with respect to the breach of contract and breach of guaranty claims against Philly Wholesale and Kamra (counts one and three).[1] The Court denies Malwa and Singh's Motion and grants Patriot's

---

[1] Though Patriot also brought a count of fraud against Malwa and Singh, *see* (Compl. ¶¶ 69–76), it did not move for the entry of default judgment on that claim, *see* (ECF No. 6).

Motion.

I.

Patriot sued on October 20, 2016, asserting breach of contract claims against Philly Wholesale and Malwa Investors (counts one and two), breach of guaranty claims against Kamra and Singh (counts three and four) and fraud claims against all Defendants (counts five and six). (Compl. ¶¶ 30–76; ECF No. 1.) Defendants initially failed to appear or otherwise defend the suit, and Patriot moved for default judgment on the breach of contract and breach of guaranty claims on December 13, 2016. (ECF Nos. 5 & 6.) The clerk of court entered default on April 19, 2017, and the Court scheduled a hearing on the request for default judgment in order to ascertain damages. (ECF No. 8.)

The day before the hearing was to take place, Julius Crawford contacted the Court purporting to represent all of the Defendants. He informed the Court that he intended to move to open default with respect to Malwa and Singh but did not intend to do so with respect to Philly Wholesale and Kamra because they did not have a meritorious defense. The Court accordingly cancelled the hearing and directed Crawford to enter his appearance and file his contemplated motion. Crawford entered his appearance for all Defendants on June 30, 2017, (ECF No. 15), and moved to open default with respect to Malwa Investors and Singh on July 5, 2017, (ECF No. 16).

The Court rescheduled the hearing. (ECF No. 19.) The day before the hearing, Crawford notified the Court that he would be unable to attend due to a death in the family. (ECF No. 20.) He requested a continuance with respect to Malwa and Singh, to which Patriot agreed. (*Id.*) But with respect to Philly Wholesale and Kamra, he

2

confirmed that he "can offer no defense" and therefore had no objection to Patriot proceeding with the hearing and submitting the requisite proof of damages in his absence. (*Id.*) The Court held the hearing on Patriot's Motion for Default Judgment against Philly Wholesale and Kamra on July 26, 2017. (ECF No. 21.) At the hearing, plaintiff's counsel presented testimony from State Bank & Trust Co. Vice President Travis Whiddon regarding the method by which damages were calculated. On August 2, 2017, the Court entered default judgment against Philly Wholesale on count one and against Saurabh Kamra on count three in favor of State Bank & Trust Co. (ECF No. 24.)

The Court held the hearing on Malwa and Singh's Motion to Open/Strike Judgment by Default and on Patriot's Motion for Default Judgment against Malwa and Singh on August 21, 2017. (ECF No. 26.) The Court subsequently ordered Malwa and Singh to permit Patriot to inspect the equipment and provide Patriot with proof that the equipment is insured and to also provide the Court with a status report by September 8, 2017. (ECF No. 27.) Patriot thereafter informed the Court that Malwa and Singh had not made the equipment available for inspection or provided proof that the equipment was insured, and had also failed to make the August 25, 2017 lease payment. The Court conducted a supplemental telephonic hearing on the parties' motions on September 14, 2017. (ECF No. 30.)

## II.

State Bank & Trust Co. is a commercial bank and lending institution headquartered in Atlanta, Georgia. (Compl. ¶ 8.) Patriot is a division of State Bank that specializes in equipment financing for fueling and convenience stores. (Hr'g Tr. at

3

10:18–23, July 26, 2017.)  Malwa, as borrower, entered into an equipment finance agreement with Patriot for a loan to pay for equipment to be used in a convenience store in Brookhaven, Pennsylvania.  (Compl. ¶¶ 9, 11, 13.)  To induce Patriot to finance Malwa's purchase of the equipment, Singh personally guaranteed the $80,000 loan on May 6, 2016.  (*Id.* ¶ 10; Ex. P-5.)

In connection with the loan, Malwa purported to contract with Safeway Developers, Inc. to provide and install the equipment.  (Compl. ¶ 14; Ex. P-1.)  On May 12, 2016, Patriot submitted to Safeway an "Invoice Request," indicating that Malwa had been approved for financing and requesting detailed invoices for the equipment to be purchased.  (Compl. ¶ 45; Ex. P-3.)  Safeway submitted to Patriot copies of the purported invoices.  (Compl. ¶¶ 15, 43; Ex. P-2.)

On May 6, 2016, Malwa executed and delivered Equipment Finance Agreement No. 612865 ("the Agreement") with Patriot for $80,000, to be paid in sixty monthly installments of $1,722.85.  (Compl. ¶ 44; Ex. P-4.)  Under the terms of the Agreement, Malwa and Singh represented to Patriot that they needed the equipment identified in the invoices for the operation of their business; they intended to use the loan proceeds to purchase the equipment; they would use and maintain the equipment only at the specified business address and would not move it to another location without prior approval from Patriot; and they would give Patriot a first priority purchase money security interest in the equipment.  (Compl. ¶ 13; Ex. P-4, ¶¶ 1, 5.)  The Agreement also gave Patriot the right to inspect the premises of the purported business and specified the remedies available to Patriot in the event of a default.  (Ex. P-4, ¶¶ 5, 11.)

On May 27, 2016, Singh submitted to Patriot a Delivery and Acceptance

4

Agreement, confirming that the equipment had been satisfactorily delivered, installed and inspected by Malwa and its representatives. (Compl. ¶ 47; Ex. P-6.) On May 25, 2016, Patriot advanced Malwa Investors $80,000. (Compl. ¶ 46.)

In August 2016, Patriot, through a third party, inspected the premises at 1100 Powell Road where Malwa purportedly conducted its business. (Compl. ¶¶ 18–19.) The property was vacant, appeared to be abandoned, and no equipment was visible through the windows. (*Id.* ¶ 19; Ex. P-7.) By letters dated September 21, 2016, Patriot's counsel demanded that Malwa as borrower, Singh as guarantor, and Safeway as vendor, either provide written responses confirming the whereabouts of the equipment or refund the loan proceeds. (Compl. ¶ 21; Ex. P-8.) Safeway provided Patriot with an executed Certificate of Delivery and Acceptance from Malwa acknowledging receipt of the equipment. (*Id.* ¶ 24.) Patriot did not receive any response to the Demand Letter from Malwa. (*Id.* ¶ 23.)

Patriot contends that Malwa breached the terms of the Agreement by failing to use the loan proceeds to purchase the equipment or, if it did purchase the equipment, failing to install and maintain the equipment at the specified address in accordance with the Agreement's terms. (*Id.* ¶ 50.) Additionally, Malwa has not made the equipment available for inspection, have not provided assurance that the equipment is insured, and they failed to make the last lease payment, all required by the Agreement. (Hr'g Tr. 11:23-13:19, Sept. 14, 2017.)

### III.

Pursuant to Rule 55(c), a court may set aside an entry of default "for good cause." FED. R. CIV. P. 55(C). The Third Circuit "does not favor entry of defaults," preferring

5

instead for cases to be "decided on their merits." *GE Med. Sys. Info. Techs., Inc. v. Ansar, Inc.*, No. 04–2775, 2004 WL 2988513, at *2 (E.D. Pa. Dec. 23, 2004) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984)). Courts should consider the following three factors when deciding whether to set aside an entry of default or default judgment: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008) (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195). Relief from a default entry is granted more readily than from a default judgment. *Mike Rosen & Assocs., P.C. v. Omega Builders, Ltd.*, 940 F.Supp. 115, 120 (E.D. Pa. 1996). Although Defendants' Motion is styled as a request to open and/or strike default judgment, no default judgment has been entered yet and the Court treats the Motion as one to strike or set aside the entries of default.

## A.

Patriot has the burden of demonstrating that its claim "would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 148 (E.D. Pa. 2001). Delays in a plaintiff's potential recovery or expenses incurred from litigating the matter on the merits do not constitute the kind of prejudice the Court should consider in deciding whether to set aside an entry of default. *Ansar*, 2004 WL 2988513, at *2. If Patriot is forced to litigate the claims further, the equipment may not be there to recover after trial or its value may be significantly impaired. There is no evidence that the

6

equipment (which is security for the loan) is on site, in good condition, and safe. Patriot has made numerous unsuccessful attempts to inspect the equipment. Despite the Agreement and the Court's September 8, 2017 Order, Malwa and Singh have not permitted Patriot to inspect the equipment nor have they provided Patriot with proof that the equipment is insured.

Second, the Court examines whether Malwa and Singh have a meritorious defense, which is a defense that is not invalid on its face. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Malwa breached the Agreement by not providing access to the equipment for inspection. Malwa has also failed to provide assurance that the equipment is insured or make payment on August 25, 2017, all required by the Agreement.[2] (Hr'g Tr. 11:23-13:19, Sept. 14, 2017.) At the September 14 hearing, (ECF No. 30), counsel for Defendants stated that he could "offer no credible explanation, certainly no excuse, as to why the [August 25] payment has not been made." (Hr'g Tr. 8:2-11, Sept. 14, 2017.) Defendants were not even able to provide Patriot or the Court with a scheduled date for inspection. (Hr'g Tr. 10:6-18, Sept. 14, 2017.) Neither Malwa nor Singh have a meritorious defense.

Third, the Court examines whether conduct is culpable. The Summons was returned executed on November 9, 2016. (ECF No. 3.) Defendants did not file an answer or response. After numerous attempts by Patriot, Malwa and Singh did not provide Patriot with the opportunity to inspect the equipment. Defendants conduct is culpable.

---

[2] Defendants have breached the Agreement in at least three ways. Georgia courts make a distinction between "material" and "non-material" breaches where a party seeks rescission of the contract as a remedy. *Forsyth Cty. v. Waterscape Servs., LLC*, 694 S.E.2d 102 (Ga. Ct. App. 2010). Rescission of the Agreement is not at issue here.

7

## IV.

Federal Rule of Civil Procedure 55 governs the entry of default judgment. Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). The Court must consider and make explicit factual findings as to these three factors. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Moreover, before a court can enter a default judgment, a plaintiff must present evidence of: (1) the court's basis of personal jurisdiction over defaulting defendants; (2) proper service of process upon defaulting defendants; (3) facts necessary to state a cause of action; and (4) the amount claimed in damages. *D'Onofrio v. II Mattino*, 430 F. Supp. 2d 431, 436 (E.D. Pa. 2006). "[T]he factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

## V.

### A.

When a court considers personal jurisdiction in the posture of a default judgment, "although the plaintiffs retain the burden of proving personal jurisdiction, they can satisfy that burden with a *prima facie* showing," and "may rest their argument on their pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain." *D'Onofrio*, 430 F. Supp. 2d at 437 (quoting *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005)). A plaintiff presents a *prima facie* case by "establishing with reasonable particularity sufficient contacts between the defendant and the forum

state." *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (citing *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 542 (3d Cir. 1985)). Patriot has done so here.

### i.

In its Complaint, Patriot alleges that Malwa is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and is thus a citizen of the Commonwealth. (Compl. ¶ 4.) Patriot also contends that Malwa maintains a registered office at 8102 West Chester Pike, Upper Darby, PA 19082. (*Id.*) Indeed, it was at this address that Patriot was able to serve Malwa's Authorized Agent, Aman Kaur. *See* (Proof of Service, ECF No. 3). Patriot has presented sufficient evidence of the Court's personal jurisdiction over Malwa. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 749 (2014) ("The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business.").

### ii.

Patriot has also made a *prima facie* showing of personal jurisdiction over Singh. The Complaint alleges that Singh is a citizen of and resides in Pennsylvania. (Compl. ¶ 5.) *See LNV Corp. v. Catalano*, No. CV 15-3219, 2015 WL 4941962, at *4 (E.D. Pa. Aug. 19, 2015) ("As for personal jurisdiction, the court has general personal jurisdiction over the defendants as they are domiciled in the Commonwealth of Pennsylvania.") (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general [personal] jurisdiction is the individual's domicile[.]"))

**B.**

The Court must also ensure there is sufficient proof of service before granting a default judgment. *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985). Under Federal Rule of Civil Procedure 4(h)(1)(B), a plaintiff may effectuate service on a corporation in a judicial district of the United States "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). Patriot, through a third-party, served Malwa Investors' Authorized Agent Aman Kaur in Upper Darby, Pennsylvania on November 2, 2016. (ECF No. 3.) Federal Rule of Civil Procedure 4(e) permits service to an individual—other than a minor, an incompetent person or a person whose waiver has been filed—within a judicial district of the United States by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e)(2)(C). Patriot, through a third-party, served Singh's Authorized Agent Aman Kaur in Upper Darby, Pennsylvania on November 2, 2016. (ECF No. 3.)

**C.**

Taking the alleged facts as true, Patriot has stated causes of action against Malwa for breach of contract and against Singh for breach of guaranty. When a federal court sits in diversity jurisdiction over a civil proceeding, it must apply the substantive law of the state where it sits to resolve the claims, including its choice of law rules. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 462 (3d Cir. 2006). The Court accordingly must apply Pennsylvania

choice of law rules to determine the law that applies to the contracts. *See Berg*, 435 F.3d at 462; *Xerox Corp. v. Bentley*, 920 F. Supp. 2d 578, 579 (E.D. Pa. 2013).

Pennsylvania courts generally give effect to express choice of law provisions in contracts. *See, e.g., Howard Savs. Bank v. Cohen*, 607 A.2d 1077, 1078 (Pa. Super. Ct. 1992); *Smith v. Commonwealth Nat'l Bank*, 557 A.2d 775, 777 (Pa. Super. 1989); *see also* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187(1) ("The law of the state chosen by the parties to govern their contractual rights and duties will be applied."). Here, the Agreement states that it "shall be governed by and construed in accordance with the laws or Georgia or the laws of the home state of assignee." (Ex. P-4, ¶ 14.) Because Patriot did not subsequently assign its rights under the Agreement to any third parties, Georgia law governs.

### i.

Patriot has stated a breach of contract claim against Malwa. "The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *Norton v. Budget Rent A Car Sys., Inc.*, 705 S.E.2d 305, 306 (Ga. Ct. App. 2010) (quoting *Kuritzky v. Emory Univ.*, 669 S.E.2d 179 (Ga. Ct. App. 2008)). Under the Agreement, Malwa Investors promised to make monthly payments of $1,722.85 and maintain the equipment at the specified address absent Patriot's prior approval. (Ex. P-13, ¶¶ 2, 5, 11.) The Agreement states: "You will be in default if any or all of the following occurs: (a) if you do not pay any payment or other sum due to us or our assigns when due, (b) if you do not perform any other obligation or warranty herein within five (5) days after we made demand therefore . . . ." (*Id.* ¶ 11.) Malwa breached the Agreement by failing to

make a monthly lease payment at the time it was due and by not providing access to the equipment for inspection. Malwa has also failed to provide assurance that the equipment is insured and make the last lease payment as required by the Agreement. (Hr'g Tr. 11:23-13:19, Sept. 14, 2017.) As a result, Patriot, the party with the right to complain under the Agreement, has suffered damages. (Compl. ¶ 50; H'rg Tr. 12:17-20. Aug. 21, 2017.)

### ii.

Patriot has also stated a breach of guaranty claim against Singh. "The contract of suretyship or guaranty is one whereby a person obligates himself to pay the debt of another." *Lynchar, Inc. v. Colonial Oil Indus., Inc.*, No. A17A0391, 2017 WL 2361144, at *4 (Ga. Ct. App. May 31, 2017) (quoting GA. CODE ANN. § 10-7-1)). The Guaranty, signed and executed by Singh on May 6, 2016, states that "[t]he undersigned hereby irrevocably absolutely and unconditionally guarantees to Creditor full and prompt payment and performance when due of each and every obligation of Debtor under the Agreement." (Ex. P-5, ¶ 1.) The Guaranty also provides that it is "a Guaranty of payment, not collection, and the undersigned acknowledges and agrees that his/her liability shall be absolute and unconditional and continuing, and shall be joint and several, and in the event of a default, Creditor shall have no obligation whatsoever to pursue the Debtor or any other obligors or guarantors or any equipment or other collateral before pursuing the undersigned under this Guaranty." (*Id.* ¶ 11.)

"A personal contract of guaranty must be in writing and must satisfy all of the requisites of the [S]tatute of [F]rauds." *Id.* (quoting *Sysco Food Svcs. v. Coleman*, 489 S.E.2d 568 (Ga. Ct. App. 1997)); *see also* GA. CODE ANN. § 13-5-30(2) (2010). Under the

Statute of Frauds, a promise to answer for another's debt is only enforceable against the promisor if it identifies the debt, the principal debtor, the promisor and the promisee. *Cmty. Magazine, LLC v. Color Xpress*, 756 S.E.2d 564, 566 (Ga. Ct. App. 2014). The Guaranty does so here. First, it clarifies that the term "Agreement" references Agreement 6122865 between State Bank & Trust Co. d/b/a Patriot as "Creditor" and Malwa Investors as "Debtor." (Ex. P-5.) It then identifies the promisor, promisee and debt: "The undersigned hereby irrevocably absolutely and unconditionally guarantees to Creditor full and prompt payment and performance when due of each and every obligation of Debtor under the Agreement." (*Id.* ¶ 1.) The Guaranty thus satisfies the Statute of Frauds.

Under Georgia law, the Court must strictly construe an alleged guaranty contract in favor of the guarantor, and the guarantor's liability may not be extended by implication or interpretation. *See Cmty. Magazine, LLC*, 756 S.E.2d at 566; *Caves v. Columbus Bank & Tr. Co.*, 589 S.E.2d 670, 676 (Ga. Ct. App. 2003). However, Georgia law is also "clear that creditors are entitled to summary judgment in a suit on an unconditional guaranty when the guarantor has waived all of his defenses." *Core LaVista, LLC v. Cumming*, 709 S.E.2d 336, 340 (Ga. Ct. App. 2011) (citing *Brookside Communities v. Lake Dow North Corp.*, 603 S.E.2d 31 (Ga. Ct. App. 2004)). Singh did so here. *See* (Ex. P-14, ¶ 2 ("The undersigned hereby waives . . . (ii) any and all defenses otherwise available to a guarantor or accommodation party.")). And in any event, Singh's counsel has represented that he does not have any litigable defense. *See* Hr'g 17:3-18:23, Sept. 14, 2017. Singh unconditionally guaranteed Malwa Investors "full and prompt payment and performance" under the Agreement with Patriot and

13

breached the Guaranty by failing to assure the same, causing Patriot to suffer damages. (Compl. ¶¶ 58–60.)

**D.**

Finally, a plaintiff seeking default judgment must present evidence of the amount claimed in damages. *Rainey v. Diamond State Port Corp.*, 354 F. App'x 722, 724 (3d Cir. 2009). "When a plaintiff prevails by default, he or she is not automatically entitled to the damages they originally demanded." *Rainey*, 354 F. App'x at 724 (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). "Rather, defaults are treated as admissions of the facts alleged, but a plaintiff may still be required to prove that he or she is entitled to damages sought." *Id.* 431 F.3d at 165). District courts must conduct an inquiry in order to ascertain the amount of damages with "reasonable certainty." *Bricklayers & Allied Craftworkers v. WaterControl Servs., Inc.*, No. 09-3935, 2012 WL 3104437, at *7 (E.D. Pa. July 30, 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). In short, the Court must ensure that there is a basis for the damages specified in the default judgment. *See Trickel v. Disc. Gold Brokers, Inc.*, No. 3:14-1916, 2016 WL 4435699, at *6 (M.D. Pa. Jan. 5, 2016) (citing *Transatlantic Marine Claims Agency, Inc., v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)). In performing this task, "[t]he district court has considerable latitude in determining the amount of damages." *Trickel*, 2016 WL 4435699, at *6 (quoting *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993)).

The Agreement provides that "[i]f any part of a payment is late, you agree to pay a late charge of 15% of the payment which is late or if less, the maximum charge

allowed by law." (Ex. P-4, ¶ 11.) The Agreement further provides that in the event of default:

> [Y]ou shall be required to pay us or our assigns the entire unpaid balance of the Agreement, including accrued but unpaid periodic payments, plus all late charges and costs, plus an amount equal to the present value of the entire unpaid balance of the total periodic payments hereunder discounted at three percent (3%) per annum as of the date of default, plus interest thereafter at the rate of eight percent (8%) per annum, plus any other sums and or damages, all of which shall be immediately due and payable.

(*Id.*)

Patriot has submitted documentation and presented testimony in support of the damages requested, composed of (i) the unpaid balance, (ii) post-default interest at the rate of eight percent (8%) per annum and (iii) attorneys' fees and costs. *See* (Ex. P-10). The Court addresses each in turn.

### i.

The unpaid balance, calculated by subtracting the security deposit ($1,722.85) from the principal balance as of August 17, 2017 ($62,964.45), is $61,241.60 (Ex. P-10; Hr'g Tr. at 8:4–24, Aug. 21, 2017.)

### ii.

As mentioned above, the Agreement also provides for post-default interest at the rate of eight percent (8%) per annum. (Ex. P-4, ¶ 11.) At this rate, $17.91 of post-default interest accrues per day. Multiplying that figure by 20 days (from August 25, 2017 to September 14, 2017), the post-default interest due totals $358.20. (Ex. P-10.) This is a valid and enforceable liquidated damage clause. *See, e.g.*, *MMA Capital Corp. v. ALR Oglethorpe, LLC*, 785 S.E.2d 38, 41–42 (Ga. Ct. App. 2016) (upholding an 8%

post-default interest provision as a reasonable non-penalty); *In re Cliftondale Oaks, LLC*, 357 B.R. at 886–87 (collecting cases).

### iii.

Without specifying any particular amount or percentage, the Agreement provides for "attorneys' fees and court costs." (Ex. P-4, ¶ 11.) Under Georgia law, attorneys' fees are calculated using statutorily mandated percentages. *See* GA. CODE ANN. § 13-1-11 (2010). Section 13-1-11, titled "Validity and enforcement of obligations to pay attorney's fees upon notes or other evidence of indebtedness," states:

> (a) Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectable as a part of such debt if such note or other evidence is collected by or through an attorney after maturity, subject to the following provisions:
> . . . .
> (2) If such note or other evidence of indebtedness provides for the payment of reasonable attorney's fees without specifying any specific percent, such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00.

*Id.*

Here, the principal is $62,964.45, and interest owing thereon, $358.20, totaling $63,322.65. Fifteen percent of the first $500 is $75; ten percent of the remaining $62,822.65 is $6,282.265. The proper amount of attorneys' fees under § 13-1-11(a)(2) is therefore $6,357.27.

### iv.

In sum, Patriot has proven with reasonable certainty the following damages: $1,722.85 retention of security deposit, $61,241.60 unpaid balance, $35.20 in post-

default interest and $6,357.27 in attorneys' fees. Malwa and Singh are thus jointly and severally liable for a total of $69,679.92 in damages.

V.

Patriot has presented sufficient evidence of the Court's personal jurisdiction over the defaulting defendants, proper service of process upon the defaulting defendants, the facts necessary to state a cause of action and the appropriate amount of damages. *D'Onofrio*, 430 F. Supp. 2d at 436. The Court will now turn to the three factors that control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *See $55,518.05 in U.S. Currency*, 728 F.2d at 195.

First, Patriot would be prejudiced if default judgment were denied since it has presented sufficient evidence that Defendants breached the Agreement, caused monetary injury and offered no defense in the matter. *See Summit Tr. Co. v. Paul Ellis Inv. Assoc.*, LLC, No. 2:12-6672, 2013 WL 3967602, at *4 (E.D. Pa. Aug. 2, 2013); *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *5 (D.N.J. July 17, 2013). Second, defense counsel has represented that Malwa and Singh do not have a meritorious defense. *See* Hr'g Tr. 17:3-18:23, Sept. 14, 2017.

Finally, Defendants' delay is due to culpable conduct. Patriot sent Demand Letters to both Malwa and Singh in September 2016 requesting that they make the equipment available for inspection. Patriot did not receive any response to this letter. (Compl. ¶¶ 21, 23; Hr'g Tr. 12:17-13:11, Aug. 21, 2017.) Patriot tried to perform an inspection on the equipment and found a building which appeared to be vacant. (P-7;

17

Hr'g Tr. 13:12-14:11, Aug. 21, 2017.) The investigators were not able to go inside the building to look and confirm whether or not the equipment was located there as required by the equipment finance agreement. (*Id.* at 14:12-19.) In May 2017, counsel for Defendants contacted Patriot's counsel and represented that Patriot would be able to inspect the equipment. (*Id.* at 32:22-33-7.) As of the August 21, 2017 hearing, the equipment had not been made available for inspection. (*Id.* at 14:12-19.) Counsel for Malwa and Singh indicated that Singh was in India, but that his sister had the key for the building. (*Id.* at 17:9-15.) The Court did not enter default judgment after the hearing on August 21, 2017. Instead, the Court gave Malwa and Singh another chance to allow Patriot to inspect the equipment. On August 23, 2017, the Court ordered the Defendants to "permit Plaintiff to inspect the equipment" and provide Patriot with proof that equipment is insured. (ECF No. 27.) Patriot provided the Court with a status report on September 8, 2017, stating Defendants had not made the equipment available for inspection. Finally, during the September 14 supplemental hearing (ECF No. 30), counsel for Defendants stated he could offer no explanation or excuse as to why the August lease payment was not made. (Hr'g Tr. 8:2-11, Sept. 14, 2017.)

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

18